**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**CHRISTINE ST.  HUBERT**                              **CIVIL ACTION**

**VERSUS**                                             **NO: 25-1277**

**OPS FAMILY CARE, LLC**                               **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant's Motion to Set Aside Default Judgment (Doc. 15).  For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Christine St. Hubert alleges that she was employed as a part-time clinical program director at Defendant OPS Family Care, LLC from September 3, 2024 to January 27, 2025. She alleges that she entered into an employment contract with Defendant for a monthly salary of $2,300 for 80 hours of work. Plaintiff alleges that, despite multiple demands, Defendant failed to pay the invoices for the months of November 2024, December 2024, and January 2025. Plaintiff resigned from her position on January 27, 2025. Plaintiff's final demand for payment prior to filing suit was made on May 30, 2025. Plaintiff brings claims for violation of the Fair Labor Standards Act ("FLSA"), the Louisiana Wage Payment Act ("LWPA"), and state law breach of contract.

1

Defendant was served on August 15, 2025 and failed to make an appearance in this matter. The clerk entered default on September 9, 2025. Plaintiff moved for the entry of a default judgment on her claims against Defendant. On January 12, 2026, this Court granted Plaintiff's Motion and entered a default judgment on Plaintiff's claims. The Court held that Plaintiff was entitled to the entry of judgment against Defendant in the total amount of $23,245.41 on her FLSA claim and LWPA claim, including: $1,667.50 in unpaid wages under the FLSA; $1,667.50 in liquidated damages under the FLSA; $5,003.40 in unpaid wages under the LWPA; $6,900 in penalties under the LWPA; $7,532.05 in attorney's fees; and $474.96 in costs.

On February 25, 2026, Defendant appeared in this matter and moved the Court to set aside the default judgment. Plaintiff opposes.

## **LEGAL STANDARD**

Under Federal Rules of Civil Procedure 55(c) and 60(b), a district court may set aside an entry of default or default judgment for "good cause."[1] To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented.[2] These factors, however, are not "talismanic" and the Court may consider others such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously

---

[1] Lacy v. Sitel Corp., 227 F.3d 290, 291–92 (5th Cir. 2000).

[2] *Id.* at 292.

to correct the default."[3] In deciding a Rule 55(c) motion, this Court is mindful that default judgments are generally disfavored by the law and that any doubt should be resolved in favor of the movant.[4]

## LAW AND ANALYSIS

The balance of factors weighs in favor of setting aside default in this matter. First, the default does not appear to be willful. Defendant represents that its failure to timely answer the lawsuit was due to difficulties obtaining counsel. Defendant shows that after being served, its executive director contacted Plaintiff to request an extension of time to respond, which was denied. Defendant's executive director represents that she believed requesting an extension would preserve Defendant's ability to respond after counsel was obtained. Upon becoming aware of the default judgment, Defendant promptly obtained counsel and moved to set aside the default.

Second, the Court finds that Plaintiff will not suffer prejudice in setting aside default. There is no trial date set in this matter, and no discovery has taken place. "[M]ere delay does not alone constitute prejudice. Rather, the plaintiff must show that the delay will result in the loss of evidence, increased

---

[3] Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992).

[4] *See Lacy*, 277 F.3d at 292.

difficulties in discovery, or greater opportunities for fraud and collusion."[5] Plaintiff has not made that showing.[6]

Finally, Defendant presents several defenses to Plaintiff's claims, including that she is an independent contractor, that there is a genuine dispute over compensation, and that it acted in good faith.

In sum, the Court finds that the default was not willful, that Plaintiff will not be prejudiced by setting aside the default, and that Defendant can present a meritorious defense. Given the foregoing, Defendant has established the good cause necessary to set aside the default judgment.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is **GRANTED**, the entry of default is set aside, and the Default Judgment is **VACATED**.

**IT IS FURTHER ORDERED** that Defendant shall file responsive pleadings within 14 days of this Order.

New Orleans, Louisiana this 30th day of April, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] *Id.* at 293.
[6] Plaintiff largely complains about costs she incurred in attempting to serve Defendant, but these costs are irrelevant to the question of whether setting aside default will cause prejudice.

4